IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 3:14-CR-408-WKW |
| | ) | [WO] |
| VANESSA CROWE | ) | |

## **ORDER**

Defendant, proceeding *pro se*, has filed a motion for compassionate release in which she seeks to modify an imposed term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A)(i).  (Doc. # 500.)  In 2015, Defendant was convicted and sentenced to 236 months' imprisonment based on her guilty plea to one count of aiding and abetting possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1).  (Doc. # 1 (Indictment); Doc. # 118 (Plea Agreement); (Doc. # 302 (Judgment).)   Her projected release date from the custody of the Bureau of Prisons is August 30, 2029.  *See* https://www.bop.gov/inmateloc/ (last visited Oct. 7, 2020).

Under § 3582(c)(1)(A)(i), a district court may modify a defendant's sentence when "extraordinary and compelling reasons warrant such a reduction."  However, a defendant may move for such a reduction only after he or she "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or [after] the lapse of 30 days from the receipt of such a

request by the warden of the defendant's facility, whichever is earlier." § 3582(c)(1)(A) (alterations added).

In the instant case, Defendant concedes that she has failed to exhaust her administrative remedies for compassionate release. (Doc. # 500, at 21.) Instead, she argues only that § 3582(c)(1)(A)'s exhaustion requirement is waivable. (Doc. # 500, at 21-22.) However, courts are not at liberty to excuse a statutory exhaustion requirement. *Ross v. Blake*, 136 S. Ct. 1850, 1856–57 (2016). This statute's exhaustion requirement is no exception. *See United States v. Alam*, 960 F.3d 831, 834 (6th Cir. 2020) ("Nothing in § 3582(c)(1)(A) suggests the possibility of judge-made exceptions."); *see also United States v. Franco*, No. 20-60473, 2020 WL 5249369, at *1 (5th Cir. Sept. 3, 2020) (joining the Third, Sixth, and Tenth Circuits and holding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory); *United States v. Springer*, No. 20-5000, 2020 WL 3989451, at *3 (10th Cir. July 15, 2020) (concluding that the federal prisoner "was required to request that the BOP file a compassionate-release motion on his behalf to initiate his administrative remedies"); *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (holding that § 3582(c)(1)(A)'s exhaustion requirement is mandatory). Furthermore, the defendant must exhaust or wait thirty days *before* he or she files a motion for compassionate release. *Alam*, 960 F.3d at 836 (dismissing a § 3582(c)(1)(A)(i)

motion without prejudice because movant's thirty-day window did not close until after the motion was filed).

Because § 3582(c)(1)(A)'s exhaustion requirement is mandatory, Defendant must submit proof that she has submitted an administrative petition requesting that the BOP file a motion for compassionate release on her behalf pursuant to § 3582(c)(1)(A)(i). She also should provide evidence of the date she filed the petition, and she should inform the court whether she has received a response to the request and, if possible, submit evidence of the response or lack thereof.[1]

For the foregoing reasons, it is ORDERED that Defendant's motion (Doc. # 500) is DENIED without prejudice with leave to refile, if necessary, after she has exhausted her administrative rights.

DONE this 15th day of October, 2020.

                                        /s/ W. Keith Watkins
                                  UNITED STATES DISTRICT JUDGE

---

[1] Additionally, Defendant's motion does not set forth "extraordinary and compelling reasons" warranting release. § 3582(c)(1)(A)(i). Defendant alleges that the "COVID-19 pandemic, combined with [her] continuous battles of the flu" constitute extraordinary and compelling reasons justifying compassionate release. (Doc. # 500, at 22.) However, Defendant has not substantiated this allegation with any medical records. If she refiles, Defendant (or another person on her behalf) should file documentation under seal substantiating her medical condition.